[No. B040894. Second Dist., Div. One. May 26, 1989.]

NISSAN MOTOR CORPORATION IN U.S.A. et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
PAULA MEIER, a Minor, etc., et al., Real Parties in Interest.

**COUNSEL**

Elliot D. Olson, Roy G. Weatherup, Thomas N. Charchut, Robert E. Boone III and Haight, Brown & Bonesteel for Petitioners.

No appearance for Respondent.

Thomas Kallay and Harney & Packer for Real Parties in Interest.

**OPINION**

**THE COURT.**\*—The petition for writ of mandate, filed March 24, 1989, and the opposition thereto, filed May 23, 1989, have been read and considered.

As there is not a plain, speedy and adequate remedy at law, and in view of the fact that the issuance of an alternative writ would add nothing to the presentation already made, we deem this to be a proper case for the issuance of a peremptory writ of mandate "in the first instance." (Code Civ. Proc., § 1088.) Opposition was requested by letter, and the parties were notified by the same letter, dated May 11, 1989, as to the court's intention to issue a peremptory writ. (*Palma* v. *U. S. Industrial Fasteners* (1984) 36 Cal.3d 171, 180 [203 Cal.Rptr. 626, 681 P.2d 893].)

 Petitioners, an automobile manufacturer and other defendants in an underlying wrongful death action, seek review of an order of respondent court (Hon. Lawrence Waddington), denying their motion for summary adjudication of the issue that the "no air bag" claim is preempted by federal law.

---

\* Before Spencer, P. J., Hanson (Thaxton), J., and Ortega, J.

In their complaint for wrongful death, real parties allege that the 1982 Datsun Stanza automobile, driven by their husband/father, was defective in that it failed to have an automatic air bag and that the three-point restraint system was defective. Petitioners moved for summary adjudication of the issue that the "no air bag" claim is preempted by the federal government. The Federal Motor Vehicle Safety Standard 208, revised by the United States Department of Transportation in 1972 to include passive restraints, established requirements for the occupant restraint system in the 1982 automobile involved in the underlying action; it required the three-point safety belt system Nissan Motor Corporation in U.S.A. installed or an air bag; it has never required air bags. The National Traffic and Motor Vehicle Safety Act of 1966 (15 U.S.C. § 1381 et seq.) section 1392(d), requires all state vehicle safety standards to be identical to federal vehicle safety standards; a state common law requirement for air bags would be contrary to the federal requirements and, therefore, preempted.

Federal law provides that compliance with any federal motor vehicle safety standard does not exempt any person from common law liability (15 U.S.C. § 1397(c)) and does not expressly exempt nonidentical state motor vehicle safety standards. However, in *Wood* v. *General Motors Corp.* (1st Cir. 1988) 865 F.2d 395, 401, the First Circuit Court of Appeals determined that, while there was no express preemption, a state tort claim for failure to install passive restraints is impliedly preempted.

One California case has permitted a California action to allege a common law action despite the manufacturer's compliance with federal standards. In *Buccery* v. *General Motors Corp.* (1976) 60 Cal.App.3d 533, 540-541 [132 Cal.Rptr. 605], the court determined that federal regulations are supplementary to the common law of products liability and a defendant's compliance with federal safety standards does not preclude imposition of common law liability for a defective product.

■ This court is not bound by decisions of other California Courts of Appeal. ■ This court also is not bound by the interpretation of federal law by federal courts lower than the United States Supreme Court (*People* v. *Bradley* (1969) 1 Cal.3d 80, 86 [81 Cal.Rptr. 457, 460 P.2d 129]; *People* v. *Rooney* (1985) 175 Cal.App.3d 634, 644 [221 Cal.Rptr. 49]), and decisions of federal courts on federal issues are merely persuasive. (*Graham* v. *Scissor-Tail, Inc.* (1981) 28 Cal.3d 807, 830 [171 Cal.Rptr. 604, 623 P.2d 165]; *Rohr Aircraft Corp.* v. *County of San Diego* (1959) 51 Cal.2d 759, 764 [336 P.2d 521].) ■ However, we are persuaded that the "no air bag" issue is preempted by federal law.

To hold otherwise would be to allow a potenial flood of actions against manufacturers that have been following the custom of the industry and

acting in compliance with federal regulations. The result would not only work a hardship to manufacturers, but also might so encourage litigation as to hamper the administration of justice. (See *Newman v. Emerson Radio Corp.* (1989) 48 Cal.3d 973 [258 Cal.Rptr. 592, 772 P.2d 1059]; *Peterson v. Superior Court* (1982) 31 Cal.3d 147, 152-153 [181 Cal.Rptr. 784, 642 P.2d 1305]; *Mark* v. *Pacific Gas & Electric Co.* (1972) 7 Cal.3d 170, 177-178 [101 Cal.Rptr. 908, 496 P.2d 1276].)

THEREFORE,

Let a peremptory writ of mandate issue, commanding respondent court to vacate its January 23, 1989, order, denying summary adjudication of the issue that the "no air bag" claim is preempted by federal law entered in Los Angeles Superior Court case No. WEC 103437, and enter a new and different order granting same.

The petition of real parties in interest for review by the Supreme Court was denied August 31, 1989.